TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Frank A. Oswald
Kyle J. Ortiz
Brian F. Moore
*Co-Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LATAM Airlines Group S.A., et al.,<br><br>　　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 20-11254 (JLG)<br><br>(Jointly Administered) |
| LATAM Airlines Group S.A., et al.,<br><br>　　　　　　　　　　Plaintiff,<br>　　　v.<br><br>WEWORK CHILE SPA,<br><br>　　　　　　　　　　Defendant. | Adv. Pro. No. 22-_____ (JLG) |

**COMPLAINT**

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are:  LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services LLC (30-1133972); Maintenance Service Experts LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services, Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); LATAM Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65-0773334); ABSA Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348) and Multiplus Corretora de Seguros Ltda. (N/A).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33122.

1

The above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors")[2] hereby submit this complaint (the "Complaint") to avoid and recover certain transfers made by Debtor LATAM Airlines Group S.A. ("Plaintiff") to or for the benefit of the above-captioned defendant (the "Defendant"), and alleges the following facts and claims upon information and belief based on reasonable due diligence in the circumstances of the Debtors' cases and the documents and information presently available to the Debtors:

## SUMMARY OF THE ACTION

1. Plaintiff seeks a money judgment relating to certain avoidable transfers identified on **Exhibit A** attached hereto that were made by Plaintiff to and/or for the benefit of Defendant during the ninety (90) day period preceding the commencement of the Plaintiff bankruptcy case (each transfer, an "Avoidable Transfer" and, collectively, the "Avoidable Transfers").

2. Plaintiff seeks entry of a judgment against Defendant: (i) avoiding (a) pursuant to 11 U.S.C. (the "Bankruptcy Code") section 547(b), preferential transfers to and/or for the benefit of Defendant, or, in the alternative, subject to proof, (b) pursuant to Bankruptcy Code section 548(a)(1)(B) any transfers that may have been fraudulent transfers; (ii) pursuant to Bankruptcy Code section 550(a), directing Defendant to pay to Plaintiff an amount to be determined at trial that is not less than the amount of the Avoidable Transfers, plus interest and costs; and (iii) pending such payment, disallowing any claim of Defendant against Plaintiff pursuant to Bankruptcy Code section 502 (a)–(j) ("Section 502").

3. To the extent that the Defendant has filed a proof of claim in the Plaintiff's Chapter 11 case or has otherwise requested payment from the Plaintiff estate (collectively, the

---

[2] Plaintiff, and its Debtor and non-Debtor subsidiaries and affiliates are collectively referred to as "LATAM".

2

"Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason including, but not limited to, section 502 of the Bankruptcy, and such rights are expressly reserved.

## THE PARTIES

4. LATAM is Latin America's leading airline group, with a history extending back ninety years, and boasting one of the largest route networks in the world. Before the onset of the COVID-19 pandemic, the Debtors offered passenger transport services to 145 different destinations in twenty-six countries, including domestic flights in Argentina, Brazil, Chile, Colombia, Ecuador and Peru, and international services within Latin America as well as to Europe, the United States, the Caribbean, Oceania, Asia and Africa. As of the Petition Date, LATAM had a total fleet of 340 aircraft,[3] and in 2019, transported more than seventy-four million passengers around the world. While the majority of the LATAM's revenues have traditionally come from its passenger airline services, LATAM also offers cargo-related services to 151 destinations in twenty-nine countries. In 2019, LATAM's consolidated revenues were over $10 billion.

5. Additional information regarding the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the *Declaration of Ramiro Alfonsín Balza in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "First Day Declaration"), filed May 26, 2020 [ECF No. 3], and the *Second Declaration of Ramiro Alfonsín Balza in Support of the Subsequent Chapter 11 Cases* (the "Subsequent First Day Declaration"), filed on July 9, 2020 [ECF No. 483].

---

[3] This number comprises both aircraft operated by LATAM and a small number that are leased to third-parties.

3

## JURISDICTION AND VENUE

6. The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court" or the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. sections 157 and 1334 and the United States District Court for the Southern District of New York's Amended Standing Order of Reference, M-431 dated January 31, 2012, which refers such proceedings to the Bankruptcy Court.

7. This adversary proceeding is commenced pursuant to sections 502, 547, 548 and 550 of the Bankruptcy Code, Rules 3007, 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

8. This adversary proceeding is a core proceeding under 28 U.S.C. sections 157(b)(2)(A), (B), (F), (H) and (O), and this Court has jurisdiction to hear and to determine this proceeding and to enter a final order and judgment. In the event that this Court or any other Court finds any part of this adversary proceeding to be "non-core," this Court has non-core concurrent jurisdiction over this proceeding under 28 U.S.C. section 1334 because the relief sought herein relates to Plaintiff's bankruptcy case and will have a material impact on the administration of the Plaintiff estate (the "Estate").

9. Plaintiff consents to entry of final orders and judgments by this Court in this adversary proceeding pursuant to Bankruptcy Rule 7008. Plaintiff also consents to entry of final orders or judgment by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders on judgements consistent with Article III of the United States Constitution.

10. Venue is proper pursuant to 28 U.S.C. sections 1408 and 1409 because this adversary proceeding arises in and is related to Plaintiff's bankruptcy case pending in this Court.

## FACTUAL ALLEGATIONS

### A. The Debtors' Bankruptcy Case

11. On May 26, 2020 (the "Initial Petition Date"), certain of the Debtors (the "Initial Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Initial Chapter 11 Cases") in this Court (the "Bankruptcy Court"). On July 7 and 9, 2020 (together with the Initial Petition Date, as applicable to each Debtor, the "Petition Date"), additional LATAM affiliates (the "Subsequent Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Subsequent Chapter 11 Cases" and together with the Initial Chapter 11 Cases, the "Chapter 11 Cases").

12. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the *Order Authorizing Joint Administration of the Debtors' Chapter 11 Cases* [ECF No. 34] and the *Order Authorizing Joint Administration of the Debtors' Chapter 11 Cases* [ECF No. 511] entered by the Court in each of the Chapter 11 Cases. On June 5, 2020, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases.[4] No trustee or examiner has been appointed in the Chapter 11 Cases.

---

[4] The United States Trustee has not solicited additional members for the Committee on the basis of the Subsequent Chapter 11 Cases.

5

**B.     The Preferential Transfers**

13.     On September 8, Plaintiff filed its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs [Case No. 20-11254, ECF Nos. 1015, 1016]. Plaintiff filed amendments to the Schedules on August 13, 2021 [ECF No. 2934] and on December 3, 2021 [ECF No. 3747].

14.     During the ninety (90) days before the Petition Date, which was between February 25, 2020 through and including May 25, 2020 (the "Preference Period"), Plaintiff operated its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to certain entities, including Defendant.

15.     During the course of their relationship, Plaintiff and Defendant entered into agreements, evidenced by invoices, communications and other documents (collectively, the "Agreements"), pursuant to which Plaintiff and Defendant conducted business with one another.

16.     Plaintiff seeks to avoid all of the transfers of an interest in any of Plaintiff's property made by Plaintiff to Defendant during the Preference Period.

## COUNT I - TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. SECTION 547(b)

17.     Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

18.     During the Preference Period, Plaintiff made the Avoidable Transfers to, and/or for the benefit of, Defendant in the amounts set forth on **Exhibit A**, which is incorporated by reference herein.

19. During the Preference Period, Defendant was a creditor of Plaintiff within the meaning of section 547(b)(1) of the Bankruptcy Code at the time of each Avoidable Transfer by virtue of supplying goods, services and/or loans for which Plaintiff was obligated to pay.

20. The Avoidable Transfers were transfers of an interest in Plaintiff's property.

21. According to the books and records of Plaintiff, the Avoidable Transfers were made to, and/or for the benefit of, Defendant because each Avoidable Transfer either reduced or fully satisfied a debt or debts then owed by Plaintiff to Defendant.

22. The Avoidable Transfers were made for or on account of antecedent debts owed by Plaintiff and described in **Exhibit A**.

23. The Avoidable Transfers were made while Plaintiff was insolvent. Plaintiff is entitled to the presumption of insolvency for each Avoidable Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

24. Further, as evidenced by, among other things: (i) the Petition; (ii) the Schedules; and (iii) the proofs of claim that have been filed against the Estate, Plaintiff's liabilities exceeded the value of its assets during the Preference Period.

25. Plaintiff estimates the general unsecured creditors of Plaintiff will receive less than full value on account of their allowed claims against the Estate.

26. The Avoidable Transfers were made on or within 90 days prior to the Petition Date.

27. The Avoidable Transfers enabled Defendant to receive more than it would receive if (a) Defendant's then existing claims were paid under Chapter 11 of the Bankruptcy

7

Code, (b) the Avoidable Transfers had not been made, and (c) Defendant received payment of such debt(s) to the extent provided by the provisions of the Bankruptcy Code.

28.    Defendant was either the initial transferee of the Avoidable Transfers, the entity for whose benefit the Avoidable Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Avoidable Transfers.

29.    By reason of the foregoing, each Avoidable Transfer should be avoided and set aside as a preferential transfer pursuant to section 547(b) of the Bankruptcy Code.

### COUNT II - TO AVOID FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. SECTION 548

30.    Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

31.    The Avoidable Transfers were made within two (2) years prior to the Petition Date.

32.    The Avoidable Transfers were made to, or for the benefit of, Defendant.

33.    Subject to proof, Plaintiff pleads, in the alternative, that to the extent that Defendant demonstrates that one or more of the Avoidable Transfers were not on account of an antecedent debt owed by Plaintiff or were prepayments for goods and/or services, Plaintiff did not receive reasonably equivalent value in exchange for the Avoidable Transfers because (a) the value of the services and/or goods received was in fact less than the Avoidable Transfers, and (b) Plaintiff was: (i) insolvent on the dates of the Avoidable Transfers or became insolvent as a result of the Avoidable Transfers; (ii) engaged in business or a transaction for which any property remaining with Plaintiff was unreasonably small capital at the time of, or as a result of, the Avoidable Transfers; or (iii) Plaintiff intended to incur, or believed that it would incur, debts

that would be beyond its ability to pay as such debts matured (the "Potentially Fraudulent Transfers").

34. By reason of the foregoing, the Avoidable Transfers should be avoided and set aside as fraudulent transfers.

## COUNT III - TO RECOVER AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. SECTION 550

35. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

36. Plaintiff is entitled to avoid the Avoidable Transfers pursuant to section 547(b) of the Bankruptcy Code, or, alternatively, the Potentially Fraudulent Transfers (together, the "Transfers") pursuant to section 548 of the Bankruptcy Code.

37. Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

38. Pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant an amount to be determined at trial that is not less than the total amount of the Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT IV - TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. SECTION 502(d)

39. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

40. Defendant is an entity from which property is recoverable under section 550 of the Bankruptcy Code.

41. Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

42. Defendant has not paid to Plaintiff the amount of the Transfers, or turned over such property to Plaintiff, for which Defendant is liable under section 550 of the Bankruptcy Code, despite written demand by Plaintiff to Defendant to do so.

43. Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee, against the Estate, must be disallowed until such time as Defendant pays to Plaintiff all amounts sought herein.

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment against Defendant:

a) avoiding all Avoidable Transfers pursuant to section 547(b) of the Bankruptcy Code, or, in the alternative, pursuant to section 548 of the Bankruptcy Code;

b) pursuant to section 550(a) of the Bankruptcy Code, directing Defendant to pay to Plaintiff an amount to be determined at trial that is not less than the full amount of the Transfers, plus interest and costs;

c) disallowing any Claim of Defendant pursuant to section 502(d) of the Bankruptcy Code;

d) awarding pre-judgment interest at the maximum legal rate running from the date of the Plaintiff's first demand to Defendant to return all Avoidable Transfers to the date of judgment with respect to this Complaint (the "Judgment") herein;

e) awarding post-judgment interest at the maximum legal rate running from the date of the Judgment until the date the Judgment is paid in full, plus costs;

f) requiring Defendant to pay forthwith the amount of the Judgment; and

      g) granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 25, 2022

>LATAM AIRLINES GROUP S.A., ET AL.,
>By their Attorneys,
>TOGUT, SEGAL & SEGAL LLP
>By:
>
>*/s/ Frank A. Oswald*
>FRANK A. OSWALD
>KYLE J. ORTIZ
>BRIAN F. MOORE
>One Penn Plaza
>New York, New York 10119
>(212) 594-5000

**EXHIBIT A**

| Schedule of transfers to Wework Chile SPA | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Invoice/ Document Number** | **Invoice Date** | **Invoice Currency** | **Invoice Amount** | **Amount in USD Equivalent** | **Mode of Payment** | **Payment Date** | **Payment Currency** | **Payment Amount** |
| 7789 | 2/1/2020 | CLP | 50,000,349.00 | 63,957.06 | ACH/WIRE | 3/3/20 | CLP | 50,000,349.00 |
| 8264 | 3/1/2020 | CLP | 52,353,574.00 | 64,044.99 | ACH/WIRE | 4/24/20 | CLP | 52,353,574.00 |
| **Total** | | | | **128,002.05** | | | | |